[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The plaintiff, Michael Koba, filed this summary process action by complaint dated September 28, 2001. He seeks the removal of the defendant, Helen Kokoski, from the property located at 260 Middlefield St., Middletown, Connecticut. Pursuant to Connecticut General Statutes § 47a-23 (a)(3), the plaintiff asserts that while the defendant had a right or privilege to occupy this property, that right or privilege has terminated. The court granted the defendant's Request for Permission to File Motion for Summary Judgment, argument on which was heard by this court on December 12, 2001. The gravamen of the defendant's Motion for Summary Judgment is that she is entitled to judgment as a matter of law based on the doctrine of res judicata.
FACTS
The plaintiff initially brought a summary process action by complaint dated June 6, 2001, seeking removal of the defendant from the property for the reason that she never had a right or privilege to occupy the premises located at 260 Middlefield Ave. Connecticut General Statutes § 47a-23 (a)(2). That claim was tried to this court and judgment was entered against the plaintiff on August 29, 2001. As propounded by counsel for the plaintiff during oral argument, the facts in the second case are the same as in the June 6, 2001 action; they are not in dispute for the purposes of this motion.
Michael Koba was married to Mary Ann Kokoski, the daughter of Helen Kokoski, until Mary Ann's death in March of 2000. They owned the residence at 260 Middlefield St. jointly until 1978, at which time CT Page 1644 Michael quit claimed his interest in the property to Mary Ann. Approximately two years later Mary Ann's father died. Subsequently, her mother, Helen, sold her own house and, with a portion of the proceeds, built an addition onto the home of Mary Ann and Michael, for which she expended over $31,000.00.
Helen moved into the addition, where she has resided for over twenty years. During that time she has not paid rent or utilities, however, she did assist with housecleaning and childcare, and cared for the pets. There was never a written document memorializing an agreement between Helen and Mary Ann and/or Michael concerning Helen's residing at 260 Middlefield Ave. Helen understood that she could live in the addition until her death; she sold her house and built the addition relying on this belief. Michael never agreed that the defendant could reside in his home indefinitely, although his wife could have made such an agreement.
After his wife's death, Michael explained to Helen that he needed his privacy and requested that she relocate. The defendant refused. On May 25, 2001, the plaintiff served a notice to quit on the defendant citing the reason that the defendant never had a right or privilege to occupy the premises in accordance with Connecticut General Statutes §47a-23 (a)(2). A complaint dated June 6, 2001 was filed, again asserting that the defendant never had a right or privilege to live at the premises and that the plaintiff "temporarily allowed the plaintiff to reside in his home out of the goodness of his heart."
Following a trial on the merits, this court issued a written decision in favor of the defendant. This court found that the plaintiff had not proven that the defendant never had a right or privilege to occupy the premises at 260 Middlefield Ave. In the decision, this court specifically noted that the plaintiff could have argued that the defendant had a right or privilege to occupy the property, but that right or privilege had terminated. That claim was not raised in the first action.
LAW
"The standard of review for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554,707 A.2d 15 (1998); see Practice Book § 17-49. Because res judicata may be dispositive of a claim, summary judgment is an appropriate method for resolving such a claim. Zizka v. Water Pollution Control Authority, CT Page 1645195 Conn. 682, 687, 490 A.2d 509 (1985).
"[T]he doctrine of res judicata, or claim preclusion, [provides that] a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim. A judgment is final not only as to every matter which was offered to sustain the claim, but also as to any other admissible matter which might have been offered for that purpose. . . . The rule of claim preclusion prevents reassertion of the same claim regardless of what additional or different evidence or legal theories might be advanced in support of it." (Citations omitted; internal quotation marks omitted) Delahunty v. Massachusetts Mutual LifeIns. Co., 236 Conn. 582, 589, 674 A.2d 1290 (1996). Res judicata is a doctrine premised on the principle that a party cannot relitigate a matter which he or she has already litigated. In re Juvenile Appeal(83-DE), 190 Conn. 310, 318, 460 A.2d 1277 (1983). It is essential, therefore, to define the scope of the original action. Duhaime v.American Reserve Life Insurance Co., 200 Conn. 360, 364, 511 A.2d 333
(1986). Connecticut courts have adopted the "transactional test" for this purpose:
 "The Restatement (Second), Judgments provides, in 24, that `the claim [that is] extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. What factual grouping constitutes a `transaction', and what groupings constitute a `series', are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' In amplification of this definition of "original claim," 25 of the Restatement (Second) states that `[t]he rule of 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared in the second action (1) [t]o present evidence or grounds or theories of the case not presented in the first action, or (2) [t]o seek remedies or forms of relief not demanded in the first action.'" Duhaime v. American Reserve Life Insurance Co., 200 Conn. 360, 364-365, 511 A.2d 333
(1986), citing Restatement (Second), Judgments (1982).
CT Page 1646DISCUSSION
In this eviction action, the plaintiff's case is predicated on facts identical to those in his original claim; he is seeking the same remedy. While a different subdivision of the statute is cited in the second complaint,[1] these two statutory provisions may be pleaded in the alternative in the same complaint. See, e.g. Long v. Fredericks,2000 Ct. Sup. 941, Housing Session Judicial District of Hartford (January 20, 2000, Tanzer, J.). Moreover, this court noted in its Memorandum of Decision dated August 29, 2001, that the plaintiff could have argued the substance of Connecticut General Statutes § 47a-23 (a)(3). Viewed in the light most favorable to the plaintiff, his second claim is one which could have been litigated in the initial action; it is therefore barred by the doctrine of res judicata. "The transactional test of the Restatement provides a standard by which to measure the preclusive effect of a prior judgment, which includes `any claims relating to the cause of action which were actually made or might have been made.'" Mid-States,Inv. v. Bogash Ins. Agency, 1994 Ct. Sup. 5858, Judicial District of Fairfield at Bridgeport, (June 3, 1994, Pittman, J.), citing Corey v.Avco-Lycoming Division, 163 Conn. 309, 317, 307 A.2d 155 (1983).
The plaintiff argues that the purpose of the doctrine of res judicata, judicial economy, will be frustrated if summary judgment is granted, because the plaintiff would then be forced to file a partition action. The purpose of applying res judicata, however, is to prevent the relitigation of the same claim. The plaintiff also opines that the court should deny summary judgment on equitable principles. Both parties have strong equitable arguments; the plaintiff's arguments do not outweigh those of the defendant. Lastly, it is the position of the plaintiff that he meets the requirements necessary to invoke the accidental failure of suit statute. Connecticut General Statutes § 52-592 applies in instances where the controversy has failed to be tried on its merits, or where a judgment for the plaintiff has been frustrated. The original action here was fully and fairly litigated to judgment for the defendant; accordingly, the accidental failure of suit statute does not apply. Connecticut General Statutes § 52-592 should not be utilized to bypass the rules of res judicata. Legassey v. Shulansky, 28 Conn. App. 653,656, 611 A.2d 930 (1992).
There is no factual dispute in this matter. Viewing it in the light most favorable to the plaintiff, the defendant is entitled to judgment as a matter of law. The defendant's Motion for Summary Judgment is granted.
BY THE COURT,
CAROL A. WOLVEN CT Page 1647 JUDGE OF THE SUPERIOR COURT